IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,120-03






EX PARTE LUCIANO TORRES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20010D00554 IN THE 205TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Eighth Court of Appeals affirmed his conviction.
Torres v. State, 141 S.W.3d 645 (Tex. App.-El Paso, 2004, pet. ref'd). 

 Applicant contends that the State did not reveal a witness statement to the defense that
implicated another person for this offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. U.S., 397 U.S.
742, 755 (1970); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to whether this
claim was available to Applicant at the time of his first application. The trial court shall also make
findings as to whether the witness statement referenced in this application was presented to the
defense prior to Applicant's trial. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 15, 2011

Do not publish